UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES NEWSOME,

     Plaintiff,

                                             Case No. 11-10149

v.                                   Honorable Thomas L. Ludington

YOUNG SUPPLY CO., et al.,

     Defendants.

_____/

**ORDER GRANTING DEFENDANTS' MOTION TO AMEND AND CERTIFY ORDER
FOR INTERLOCUTORY APPEAL AND STAYING PROCEEDINGS PENDING
DETERMINATION OF APPEAL**

Plaintiff James Newsome brought this action under the Family & Medical Leave Act

("FMLA"), 29 U.S.C. § 2601, et seq., alleging that Young Supply Company, Staffing Source

Personnel, Inc. d/b/a Driver Source, Inc., and Driver Source, Inc. (collectively, "Defendants")

violated his job restoration rights under the FMLA when they refused to restore his original job

position as a truck driver, or an equivalent position required by the FMLA. ECF No. 1. In lieu of

filing an answer to the complaint, Defendants filed a motion to dismiss pursuant to Federal Rule of

Civil Procedure 12(b)(6), or alternatively for summary judgment pursuant to Federal Rule of Civil

Procedure 56. ECF No. 6. The Court entered an order construing Defendants' motion as one for

summary judgment, and permitting the parties to engage in limited discovery regarding whether

Defendants have 50 or more employees within a 75 mile radius of Plaintiff's worksite. ECF No. 10.

Defendants admit that they each employed 50 or more employees, ECF No. 6 at 4-5, that

they were both "joint employers" of Plaintiff within the meaning of the FMLA, *id.* at 6, n.5, that

Staffing Source, whose primary place of business is located in Dearborn, Michigan, was the primary

employer within this joint employment enterprise, *id.*, and that if Staffing Source's facility is deemed to be Plaintiff's "work site" under the joint employment enterprise, Defendants are liable to Plaintiff under the FMLA, *id.* at 3, 5.

Defendants, however, challenged the authority of 29 C.F.R. § 825.111(a)(3) (1995), which is the Department of Labor regulation establishing Staffing Source's facility as Plaintiff's work site for purposes of determining whether the 50 employee/75 mile coverage exclusion applies, as an invalid exercise of the Department's rule-making authority under *Chevron U.S.A. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984).  Defendants also claim that a regulation not applicable to joint employment enterprises, 29 CFR § 825.111(a)(2), is controlling and dictates that Plaintiff's work site is Young Supply Company's Saginaw facility. Finally, Defendants allege that if 29 C.F.R. § 825.111(a)(3) (1995) is deemed valid by *Harbert v. Healthcare Servs. Group, Inc*., 391 F.3d 1140 (10th Cir. 2004), *cert. denied* 126 S. Ct. 356, the amended version of that regulation, 29 C.F.R. § 825.111(a)(3) (2009), which did not take effect until after Plaintiff had already invoked his rights under the FMLA and commenced his leave, should be retroactively applied to this case to bar coverage under the FMLA.

On December 15, 2011, the Court entered an opinion and order denying Defendants' motion for summary judgment.  ECF No. 16. Under the rules of statutory construction, the Court afforded *Chevron* deference to 29 C.F.R. § 825.111(a)(3) (1995), and held that Plaintiff's "worksite" under the FMLA was Staffing Source's office in Dearborn, Michigan. The Court also declined giving retroactive effect to the new version of § 825.111(a)(3) because the retroactive application of amendments to regulations is disfavored. *See Woodward v. Dep't of Justice*, 598 F.3d 1311 (Fed. Cir. 2010).

-2-

Defendants now request amendment of the Court's prior opinion and order to certify the order for interlocutory appeal and stay the proceedings pending determination of the appeal. ECF No. 17.

## I.    Facts

Staffing Source Personnel, Inc. ("Staffing Source")[1], is an employee leasing company which provides employees to its customers.  Young Supply Company is a customer of Staffing Source. The contract between Staffing Source and Young Supply Company states that employees such as plaintiff "are at all times acting and performing the services to [Young Supply Company] as employees of Driver Source." ECF No. 13 Ex. A ¶ I.  The contract further provides that Staffing Source "will direct and control employees in all matters including hiring, termination, and discipline and shall establish wages, salaries, benefits, bonuses and advancements." *Id.* In addition, Staffing Source "shall maintain full and direct control over Driver Source personnel in regard to employee law matters, compensation, workers compensation and all indirect employment matters of the Driver Source employees leased to [Young Supply Company]." *Id. ¶* II. Staffing Source likewise paid plaintiff his wages. ECF No. 13 Ex. B.

Plaintiff was hired by Staffing Source in October of 2002 to work as a truck driver.  Nine months later, Staffing Source assigned Plaintiff to work for defendant, Young Supply Company, as a truck driver.  In September of 2008 Plaintiff provided notice to Defendants of his need for a medical leave of absence in order to undergo surgery in January of 2009. Defendants concede that plaintiff's medical condition constituted a "serious health condition" under the FMLA.  ECF No.

---

[1] Staffing Source does business as "Driver Source, Inc.," and as such both will be collectively referred to herein as "Staffing Source."

6. at 5.  Plaintiff commenced his leave of absence on January 12, 2009. At the completion of his medical leave of absence, Defendants refused to reinstate Plaintiff into his original job position, or an equivalent job position.

## II.    Standard of Review

28 U.S.C. § 1292(b) provides that when a district judge is of the opinion that a civil action order that is not otherwise appealable involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals, which would have jurisdiction of such an appeal may, in its discretion, permit an appeal to be taken from the order if application is made to it within ten days after the entry of the order.  The application for an interlocutory appeal is not to act as a stay of proceedings in the district court unless the district judge or the Court of Appeals so orders.

## III.    Discussion

Defendants request that the Court to certify for interlocutory appeal the December 15, 2011 opinion and order denying Defendants' motion for summary judgment. Because the parties stipulated to the facts essential to the motion, the issue presented was purely one of legal interpretation concerning the validity and applicability of the regulations having to do with whether and when employers will be considered to have 50 employees within 75 miles of Plaintiff's worksite in a FMLA case. This Court is the first Defendants are aware of to engage the legal question at issue since *Harbert* and the Sixth Circuit has yet to address it.

Defendants contend that the later revision of 29 C.F.R. § 825.111(a)(3) to comport with the *Harbert* decision speaks to the Secretary of Labor's belief that *Harbert* was correctly decided and

-4-

that the new regulation should apply with equal force whether or not the employee had a fixed worksite. As this Court noted, the issue presents a "very close question." ECF No. 16 at 15. Thus, Defendants submit that a substantial ground for a difference of opinion exists here, and the questions presented are particularly appropriate for interlocutory review. Finally, Defendants believe that certification of these controlling questions of law will materially advance the ultimate resolution of this litigation, because should the Court of Appeals reverse this Court's order regarding either of the two questions presented for interlocutory review, the litigation would terminate before either party expends substantial time and resources on discovery and trial preparations.

In federal courts, a request for interlocutory appeal of a non-final order takes the form of a Motion to Certify an Order for Interlocutory Appeal. *See, e.g.*, *Hammer v. Occupational Environmental Medicine, Inc.*, 2005 U.S. Dist. LEXIS 26861, 6 n.1 (E.D. Tenn. 2005); *Am. Beverage Ass'n v. Snyder*, 2011 U.S. Dist. LEXIS 78789, at *10 (W.D. Mich.). There are three criteria to guide a court's decision to grant a certification for interlocutory appeal: (1) whether the order involves a controlling question of law; (2) whether that question involves substantial ground for difference of opinion; and (3) whether an immediate appeal from the order may materially advance the ultimate termination of the litigation. *Laborers' Pension Trust Fund – Detroit and Vicinity v. Rocwall Co.*, 2008 U.S. Dist. LEXIS 16722, 4-5 (E.D. Mich. 2008) (quoting *In re Baker & Getty Financial Services, Inc.*, 954 F.2d 1169, 1172 (6th Cir. 1992). "[M]ixed questions of fact and law are treated as questions of law for purposes of an interlocutory appeal." *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 346 (6th Cir. 2001) (citing *Williams v. Mehra*, 186 F.3d 685, 690 (6th Cir. 1999)).

## A.    Controlling Question of Law

The Sixth Circuit has also set a low bar for a determination that a question of law is "controlling" in the context of a motion for certification under § 1292(b). "All that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of the litigation in the district court." *Eagan v. CSX Transportation, Inc*., 294 F. Supp. 2d 911, 915 (E.D. Mich. 2003) (citing *Baker*, 954 F.2d 1169, 1172 n. 8 (6th Cir. 1992) (quotations omitted).

In its order, the Court noted that "the text of the FMLA provides for an 'exclusion' to coverage under the Act: If the employer employs less than 50 employees at the employee's 'worksite,' or within 75 miles of the employee's 'worksite.' 29 U.S.C. § 2611(2)(B)(ii)." ECF No. 16 at 5. Thus, a finding on appeal that Defendants' position on the motion was correct would terminate the litigation in its entirety and is therefore a "controlling question."

Indeed, Defendants note that there are several questions bound up in the "50/75 rule" in this case. Defendants urge that the Court find either (1) that Plaintiff's status as a transportation employee caused his worksite for FMLA purposes to be at the terminal or location where he reports (29 C.F.R. § 825.111(a)(2)); (2) that the regulation (§ 825.111(a)(3)) that would focus on the location of the primary employer (the temporary placement service) is invalid under the circumstances; or (3) that the newer version of the same regulation should be retroactively applied. All of these sub-arguments were intended to serve the same purpose: to lead the court to the conclusion that Defendants, both individually and collectively, did not have 50 employees within 75 miles of the worksite. Therefore, although there are multiple sub issues involved, the controlling question is the "50/75 issue."

Defendants also find it significant that an interlocutory appeal would occur early in the proceedings, as certification for interlocutory appeal is more appropriate before the parties have incurred substantial time and expense on the litigation. "Interlocutory appeal is most appropriate early in the proceedings. In contrast, the role of interlocutory appeal is diminished when a case is nearing trial and large expenditures have already been made." *West Tenn*., 138 F. Supp. 2d at 1026; *see also Anderson v. Dassault Falcon Jet Corp.*, 2004 U.S. Dist. LEXIS 4836, 22-23 (W.D. Mich. 2004). In the instant case, there has been only minimal discovery, and the only discovery which has taken place has been in regard to the number of employees within 75 miles of the worksite. No depositions have been taken, no other written discovery has propounded, and no scheduling order has been entered. Under the circumstances, Defendants contend that an interlocutory appeal would promote judicial economy by settling these highly contested questions before—potentially needlessly—occupying the Court's and parties' time and attention.

Plaintiff does not contend that this element is not satisfied.

### B.    Substantial Ground for Difference of Opinion

Substantial ground for a difference of opinion on the issues raised by an interlocutory order exists "when: (1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question." *City of Dearborn*, 2008 U.S. Dist. LEXIS 107527, at *6 (citing *Eagan v. CSX Transp., Inc.*, 294 F. Supp. 2d 911, 916 (E.D. Mich. 2003); *see also Laborers' Pension Trust Fund – Detroit and Vicinity*, 2008 U.S. Dist. LEXIS 16722, at *4-5; *Pipefitters Local 636 Insurance Fund v. Blue Cross Blue Shield of Michigan*, 2009 U.S. Dist. LEXIS

96767, at *6 (E.D. Mich 2009).

Defendants first note that this Court acknowledged what the Tenth Circuit had already concluded: that "this issue presents "a very close question." ECF No. 15 at 15. The reason that *Harbert* presented a "very close question" was because of the deference that *Chevron* requires. Defendants construe this Court's approach to the issue as the same as the *Harbert* court in noting that it "agree[d] with the Tenth Circuit in *Harbert* that this issue presents 'a very close question' . . . ." ECF No. 15 at 15. Defendants construe this statement to mean that the question of whether the regulation should be seen as arbitrary, capricious and manifestly contrary to the intent of Congress is what both the *Harbert* court and this Court deemed a very close question.

Defendants asserts that the facts of this case likewise demonstrate why it remains a close question even though the *Harbert* court limited its conclusion to employees with a fixed place of work. It is undisputed that, unlike over-the-road truck drivers who may travel large distances and be away from their home for days at a time, Mr. Newsome was a local delivery man. He drove a truck rather than working inside the employer's facility, but each day began and ended at the employer's Saginaw location. Thus, replacing Mr. Newsome on a temporary basis meant finding someone who would be available to that location—and only that location—every working day. Also critical, but not noted by the Court in its opinion, is that Young Supply and Driver Source combined employed only 20 employees within 75 miles of the Saginaw location where plaintiff reported and was assigned to work on a daily basis. *See* ECF No. 6 Exs. 1 and 2. This is substantially less than half of what Congress considered to be the appropriate threshold for a FMLA case. More importantly, Staffing Source Personnel, the employer that the older regulation presumes to be the employer to whom the employee reports, had only three employees within 75 miles of the Saginaw

worksite. Regardless of whether Driver Source and Young Supply are combined for the purposes of the FMLA 50/75 determination, Defendants argue that the minimal number of employees either entity had available to temporarily replace Mr. Newsome seriously undercuts the notion, adopted by the Court, that the combined resources of dual employers made it easier for the staffing company to temporarily fill the plaintiff's position—no matter how far away the job was from the staffing company's base of operations. Defendants believe that, had the *Harbert* court adopted this rationale as well, it would have had validated the new regulation.

Defendants emphasize that the question at issue is a practical one, not a theoretical one: can one or two employers—or, for that matter, any number of employers—whose employee ranks consist of only 20 employees in all job classifications within 75 miles of the plaintiff's worksite be expected to afford up to 12 months of leave to an employee? Defendants assert that Congress, through the new regulation, said "no," the *Harbert* court said "no," and the new regulation says "no." Only the old regulation, which the Court concluded applied to the instant case, says "yes."

Plaintiff contends that the mere fact that this case may present an issue of first impression does not demonstrate a substantial ground for a difference of opinion. *Flor v. Bot Financial Corp*., 79 F.3d 281, 284 (2d Cir. 1996); *Lang v. Crocker Park, LLC*, 2011 WL 3297865, at *3-4 (N.D. Ohio 2011); *Sony/ATV Music Publishing v. D.J. Miller Music Dist*., 2011 WL 6016884 (M.D. Tenn. 2011); *Pipefitters Local 636 Ins. Fund v. BC/BS of Mich.*, 2009 WL 3390244, at *2 (E.D. Mich. 2009). Rather, the defendants must demonstrate, and the court must conclude, that there was "serious doubt" as to how the issue should be decided. *Pipefitters Local 636 Ins. Fund*., at *2; *Sony/ATV Music Publishing*, at *8. Plaintiff believes there is no "serious doubt" as to how the defendants' underlying motion should have been decided because the Tenth Circuit in *Harbert* could

have invalidated the at-issue regulation in its entirety, but declined to do so. Instead, the court in *Harbert* chose to maintain the validity of the regulation as applied to cases such as this in which the employee of joint employers does not have a fixed place of work. Plaintiff notes that this conclusion supports this Court's ruling, and thus militates against a finding that there is "serious doubt" as to the correctness of the Court's ruling in order to conclude that there is "substantial" ground for a difference of opinion. The fact that it was a difficult question for the court to decide does not translate into a "substantial ground for difference of opinion." *Lang v. Crocker Park, LLC*, 2011 WL 3297865, at *4 (N.D. Ohio 2011). Courts frequently decide difficult issues of first impression. If difficulty and novelty satisfied § 1292(b), Plaintiff contends that interlocutory appeals would be routine, and such a standard would frustrate the entire purpose underlying the final judgment rule.

Finally, Plaintiff asserts that the Court's recognition that the question of the regulations's validity under Chevron was a "very close call" does not satisfy the "substantial ground for difference of opinion" requirement. *See Gierum v. Kontrick*, 2002 WL 226857, at *4 (N.D. Ill. 2002) (holding that the Court's acknowledgment that the issue decided was a "close call" and one "on the razor's edge" did not support a finding of "substantial ground for difference of opinion" under 28 U.S.C. § 1292(b)).

As evidenced by the Court's opinion, this case indeed involved a difficult question on which there is little precedent or, at the very least, the solution was not substantially guided by previous decisions.  Moreover, the question, as both parties noted, resulted in a "very close call" and was an issue of first impression for the Court.  Given the absence of guidance from previous decisions and as evidenced by the parties' arguments presented in resolving Defendants' dispositive motion, it is possible, if not probable, that there is substantial ground for a difference of opinion.

**C.   Whether an Immediate Appeal Would Materially Advance the Ultimate Termination of the Litigation**

28 U.S.C. § 1292(b) requires that certification of an interlocutory appeal will "materially advance the ultimate termination of the litigation." An interlocutory appeal materially advances the litigation when it "save[s] judicial resources and litigant expense." *West Tenn*., 138 F. Supp. 2d at 1026. "The requirement that an appeal may materially advance the ultimate termination of the litigation is closely tied to the requirement that the order involve a controlling question of law." *City of Dearborn*, 2008 U.S. Dist. LEXIS 107527 at 7 (quoting *Phillip Morris Inc. v. Harshbarger*, 957 F. Supp. 327, 330 (D. Mass. 1997)).

Here, Defendants contend that the resolution of the questions implicated in the Court's opinion and order will materially advance the ultimate termination of the litigation, because it may save the parties and the judicial system substantial resources and expense by avoiding extensive discovery, motion practice, and potentially a trial. If the Sixth Circuit were to adopt the holding in *Harbert*, or determine that the new regulation should be given retroactive effect, then this case would terminate altogether. The Supreme Court has held that "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, p 233-234 (3d ed. 2004). Defendants emphasize that certification of the Court's opinion and order for interlocutory appeal would allow the parties to ascertain with a substantially greater degree of certainty whether such deficiency exists, and then proceed accordingly.

Plaintiff likewise does not contend that this element is not satisfied.

**IV.   Conclusion**

Accordingly, it is **ORDERED** that Defendants' motion to amend and certify order for interlocutory appeal (ECF No. 17) is **GRANTED.** The Court's December 15, 2011 Opinion and Order Denying Defendants' Motion for Summary Judgment is **CERTIFIED** for interlocutory appeal and the Order is amended accordingly.

It is further **ORDERED** that this case is **STAYED** pending any appeal of the Order, and the resolution thereof.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: June 11, 2012

<div style="border:1px solid black; background:#cccccc; padding:10px;">

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 11, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS

</div>